UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANG FANG CHEN, on behalf of himself and others similarly situated,

                Plaintiff,

-against-

ARIRANG HIBACHI STEAK HOUSE, INC. d/b/a ARIRANG HIBACHI STEAKHOUSE, 986 RESTAURANT CORP. d/b/a ARIRANG HIBACHI STEAKHOUSE, JOSEPH TRANCHINA, ROBERT "DOE" (last name unknown), and BRIAN "DOE" (last name unknown),

                Defendants.

Case No. 17-CV 05603 (MKB)(RML)

---

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT, THE NEW YORK LABOR LAW, AND THE NEW JERSEY STATE WAGE AND HOUR LAW[1]/

WHEREAS, Jang Fang Chen ("Plaintiff"), ARIRANG HIBACHI STEAK, INC. d/b/a ARIRANG HIBACHI STEAKHOUSE, 986 RESTAURANT CORP. d/b/a ARIRANG HIBACHI STEAKHOUSE, JOSEPH TRANCHINA, ROBERT "DOE" and BRIAN "DOE" (collectively "Defendants"), desire to resolve, settle and agree to dismiss with prejudice all claims Plaintiff has made pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), and the New Jersey Wage and Hour Law ("NJWHL"), that were raised in or by the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

---

[1]/     Court supervision does not attach to Plaintiff's New York or New Jersey state law claims. See Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.") (emphasis added).

WHEREAS, Plaintiff and Defendants have chosen to enter into this agreement to avoid further proceedings with respect to any and all claims Plaintiff has made pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., (referred to as "FLSA Claims") against Defendants in this Lawsuit or that Plaintiff could assert in any other case or forum and intending to settle, bar and waive any and all such claims that Plaintiff has or may have against Defendants;

WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a *bona fide* dispute exists as to Plaintiff's claims for alleged gratuities violations and retaliation;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Settlement Agreement and Release of Claims Under the Fair Labor Standards Act, the New York Labor Law, and the New Jersey Wage and Hour Law (hereinafter the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or any other wrongdoing whatsoever, nor has there been any such finding of guilt; and

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. <u>Definition of Parties</u>.

   a. "Releasor" is defined to include, but is not limited to, Jang Fang Chen, and all presently or formerly affiliated persons or entities, including, but not limited to, his dependents, heirs, assigns, successors, creditors, debtors, lienholders or others who might assert any claim because of conduct toward or including Releasor himself. If an obligation or right is that of Jang Fang Chen alone, he will be referred to as "Mr. Chen" or "Plaintiff"; and,

   b. "Releasees" is defined to include, but is not limited to, ARIRANG HIBACHI STEAK, INC. d/b/a ARIRANG HIBACHI STEAKHOUSE, 986 RESTAURANT CORP. d/b/a ARIRANG HIBACHI STEAKHOUSE, and all present or former subsidiaries, divisions, and affiliated entities, including but not limited to employee benefit plans, insurers, successors, assigns, counsel, administrators, heirs, creditors, debtors, board members, executors, officers, partners, directors, agents, fiduciaries, representatives, employees (including, but not limited to Joseph Tranchina, Robert Ruggiero, and Brian Kendrick), the former employees and representatives of any such entity and any otherwise related persons or entities. If an obligation or right is that of Arirang Hibachi Steakhouse, Inc. alone, it will be referred to as "Arirang."

2. The parties' counsel shall notify the Court that the parties have settled this action, and request Court approval of the settlement on the terms outlined in this Agreement. For, and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiff agrees that upon final payment, she shall: (1) file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Lawsuit; and (2) not re-file these causes of action, or any other causes of action against Defendants arising from matters that were encompassed, or could have been encompassed, or raised in the Lawsuit.

3.  **Plaintiff's Commitments.** In exchange for the monies paid by Arirang in paragraph "5" below, Plaintiff agrees as follows:

  a.  Upon Defendants' counsel's receipt of the Settlement Sum from Defendants, Mr. Chen will execute, or his counsel will execute, all documents, including, but not limited to the Stipulation and Order of Final Dismissal with Prejudice, attached hereto as Exhibit A, dismissing this Lawsuit and any other document(s) needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA, NJWHL, and NYLL Claims contained in complaints, suits, actions, charges, claims or proceedings against Defendants existing or which could exist as of the date of the execution of this Agreement;

  b.  An order of dismissal with prejudice as to Plaintiff's claims shall be entered upon presentation of said Stipulation by Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiff and both parties shall cooperate fully in seeking dismissal and will prepare all papers and motions needed to do so;

  c.  In the event that, for any reason, any FLSA, NJWHL, or NYLL Claim brought by or on behalf of Plaintiff contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes Defendants to obtain dismissal thereof; (ii) Plaintiff shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiff shall indemnify and shall hold Defendants harmless against and will not obtain or accept on her behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse Releasees

4

for the legal fees and costs incurred defending any claim, action or proceeding initiated by Plaintiff against Releasees;

    d.    Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants; and,

    e.    Plaintiff will not accept any award or settlement from any source or proceeding brought by any other person or by any government agency with respect to any FLSA, NJWHL, or NYLL claim or right waived in this Agreement (and all monies paid hereunder will be set off against any relief or recovery from Defendants not barred by this Agreement).

    4.    <u>Release of FLSA Claims</u>.

    a.    Plaintiff knowingly, voluntarily, and with prejudice, releases and forever discharges Releasees of and from any and all FLSA, NJWHL and NYLL claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Releasees, including, but not limited to, the FLSA, NJWHL, and NYLL Claims contained in the Complaint in the Lawsuit and any other alleged violation of:

- The Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New York Labor Law and any other wage, compensation, wage payment, wage theft or other law governing payment of wages; and
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

    5.    <u>Consideration</u>.

    a.    In exchange for the promises made herein by Plaintiff, Arirang agrees:

    b.    To pay the total sum of Thirty-Four Thousand Dollars and Zero Cents ($34,000.00) ("Settlement Sum" or the "Payment"), made payable as follows:

        i.    The sum of Eleven Thousand Dollars and Zero Cents ($11,000.00), less applicable withholdings, made payable to the Order of "Jang Fang Chen" for alleged unpaid wages for which a Form W-2 will be issued to Plaintiff utilizing the last W-4 on file with Arirang;

        ii.    The sum of Eleven Thousand Dollars and Zero Cents ($11,000.00), payable to the Order of "Jang Fang Chen" for alleged compensatory and liquidated damages which a Form 1099 will be issued; and

        iii.    The sum of Twelve Thousand Dollars and Zero Cents ($12,000.00), as and for attorneys' fees and costs and disbursements of the litigation, payable to "Hang & Associates, PLLC" (the "Firm") as attorneys for Jang Fang Chen, for which 1099 tax forms will be issued to both Mr. Chen and the Firm. Tax Identification Number for the Firm is 46-1941328.

    c.    Upon the complete execution of this Agreement, the parties shall jointly submit to the Court the <u>Stipulation and Order of Dismissal with Prejudice</u>, and this Agreement in order for the Court to approve its terms; and,

6

d. The Settlement Sum shall be forwarded to Plaintiff's counsel within thirty (30) days after (a) Arirang receives a signed copy of this Agreement; and (b) the Court has approved the settlement and the Lawsuit has been dismissed with prejudice.

6. <u>Affirmations</u>.

a. As a consequence of this settlement, Plaintiff affirms he has been paid and received all compensation, wages, bonuses, commissions, benefits and other monies to which he was entitled for work performed and that no other compensation, wages, bonuses, commissions, benefits or other monies are due; and

b. Plaintiff affirms that his claims against Defendants do not involve any illness, injury, incident, or accident in which medical expenses were, or are expected to be, incurred and there is no basis to file a claim for workers compensation or disability insurance benefit.

c. Plaintiff affirms that he has reported all hours worked as of the date he signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date he signs this Agreement.

d. Plaintiff affirms that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

7. <u>Non-Admission of Wrongdoing</u>. Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7

8. Execution.

   a. The terms of this Agreement are the product of mutual negotiation and compromise. The meaning, effect and terms of this Agreement have been explained to Mr. Chen by his counsel, Hang & Associates, PLLC. As a jointly drafted agreement, no provision herein shall be interpreted or construed for or against any party because both parties participated in the drafting of these provisions;

   b. Mr. Chen fully understands that this Agreement finally and forever releases, settles, bars and waives any and all FLSA, NJWHL and NYLL claims that Plaintiff could possibly have asserted against Defendants, and is fully satisfied with the advice and counsel provided by his attorneys in this matter;

   c. Mr. Chen has been advised by counsel that ample time will be provided for consideration of the meaning and effect of this Agreement and to consult with counsel prior to execution of this Agreement; and,

   d. Mr. Chen has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

9. Severability and Modification.

   a. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, arbitration or other entity, Plaintiff and Defendants agree that such arbitrator, court, administrative agency or other entity has the full authority to and shall interpret and modify all such provision(s) to be enforceable. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect, which then shall be

interpreted to bar any and all FLSA, NJWHL and NYLL claims Plaintiff may have against Defendants; and,

      b.    If the release of all FLSA, NJWHL and NYLL claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any FLSA claim Releasor may assert; and (ii) Plaintiff shall execute an enforceable general and unlimited release on all FLSA, NJWHL and NYLL claims on behalf of Releasor.

    10.    <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

    11.    <u>Entire Agreement</u>.

      a.    This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding by and between Plaintiff and Defendants regarding the above-captioned action as to Plaintiff's FLSA, NJWHL and NYLL claims and shall be interpreted under New York law to effect a full settlement and release of all actual or potential FLSA, NJWHL and NYLL Claims, whether known or unknown, asserted or unasserted; and,

      b.    No other promises or agreements shall modify this Agreement. This Agreement can be modified only as provided in Paragraph 9, above, or by a written document, signed by an authorized representative of Arirang, which recites the specific intent to modify this Agreement.

    12.    <u>Capability to Waive Claims</u>. Plaintiff is competent to agree to a knowing and voluntary general and unlimited release of all FLSA, NJWHL, and NYLL claims, as contained herein, is not affected or impaired by illness, use of alcohol, drugs or other substances and is not otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other

proceeding which would impair the right to settle these claims against Defendants or to waive such claims and fully understands, in English, this Agreement.

13. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**PLAINTIFF HAS BEEN ADVISED THAT HE HAS A REASONABLE TIME TO REVIEW THIS AGREEMENT AND HAS BEEN ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 5 HEREOF, PLAINTIFF FREELY AND KNOWINGLY AND AFTER CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND GENERALLY RELEASE ALL FLSA, NJWHL, AND NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF:**

Dated: February 2, 2018

_____
Jang Fang Chen

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Queens   )

On the 2nd day of February, 2018, before me, the undersigned notary, JANG FANG CHEN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Agreement intending to settle, release and waive any FLSA, NYLL, and NJWHL claims of any kind against Defendants, as defined in the Agreement.

_____
Signature and Office of individual taking acknowledgment

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 2024

10

**DEFENDANTS:**

Dated: February 12, 2018

Arirang Hibachi Steakhouse, Inc.

By: _____

Title: President

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANG FANG CHEN, on behalf of himself and
others similarly situated,

                Plaintiff,

-against-

ARIRANG HIBACHI STEAK HOUSE,
INC. d/b/a ARIRANG HIBACHI
STEAKHOUSE, 986 RESTAURANT
CORP. d/b/a ARIRANG HIBACHI
STEAKHOUSE, JOSEPH TRANCHINA,
ROBERT "DOE" (last name unknown), and
BRIAN "DOE" (last name unknown),

                Defendants.

Case No. 17-CV 05603
(MKB)(RML)

---

### STIPULATION AND ORDER OF FINAL DISMISSAL
### WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, Jang Fang Chen, and Defendants, ARIRANG HIBACHI STEAK, INC. d/b/a ARIRANG HIBACHI STEAKHOUSE, 986 RESTAURANT CORP. d/b/a ARIRANG HIBACHI STEAKHOUSE, JOSEPH TRANCHINA, ROBERT "DOE" and BRIAN "DOE", through their respective undersigned counsel, that the above-captioned action should be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party.

HANG & ASSOCIATES, PLLC
*ATTORNEY FOR PLAINTIFF*
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
(718) 353-8588

By: _____
Ge Qu, Esq.
Dated: 2/2/2018

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247-0404

By: _____
Craig S. Roberts, Esq.
Dated: _____

SO ORDERED on this ___ day of _____, 2018,

_____
U.S.D.J.

# AGREEMENT AND GENERAL RELEASE

**Arirang Hibachi Steakhouse, Inc.,** ("Company"), and **Jang Fang Chen** agree that:

1. **Consideration.**

    a. In consideration for Mr. Chen: (i) signing this Agreement and General Release ("Agreement"); (ii) complying with the promises made herein; and, (iii) not revoking this Agreement during the seven (7) calendar day revocation period described in Paragraph 9 below, the Company agrees to pay Mr. Chen the gross sum of Six Thousand Dollars and Zero Cents ($6,000.00) ("Consideration" or the "Payment"). The Payment shall be tendered as follows:

        i. A check made payable to "Jang Fang Chen" in the gross amount of $4,000.00, for which an IRS Form 1099 will be issued to Mr. Chen; and,

        ii. A check made payable to "Hang & Associates, PLLC" (the "Firm") as attorneys for Jang Fang Chen, in the amount of $2,000.00, for which 1099 tax forms will be issued to both Mr. Chen and the Firm. (Tax ID Number: 46-1941328).

    b. The Payment set forth above will be forwarded to Hang & Associates, PLLC, attorneys for Mr. Chen, within thirty (30) days following the Company's counsel's receipt of this signed Agreement, provided that Mr. Chen does not revoke his acceptance of this Agreement pursuant to Paragraph 9, below.

    c. The Consideration represents a complete settlement, satisfaction, release and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Releasor, as defined below, may have, whether asserted or unasserted, against Releasees, as defined below; and,

    d. Mr. Chen agrees he is responsible for payment of his share of all taxes, withholding, and interest penalties due as a result of the receipt of these monies. Mr. Chen understands and agrees no representation is made by or in behalf of the Company regarding tax obligations or consequences that may arise from this Agreement. Mr. Chen shall indemnify Releasees and hold Releasees harmless for his share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to him pursuant to this Agreement. It is expressly agreed that if Releasees are required to make or provide any payment beyond their share of taxes, interest, penalties or other monies to any taxing authority beyond the monies identified therein, Mr. Chen shall reimburse Releasees for such payments within ten days after his receipt of notice that Releasees incurred such liability.

2. **No Consideration Absent Execution of This Agreement.** Mr. Chen understands and agrees he would not receive the monies and/or benefits specified in Paragraph 1 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of Claims, Claims Not Released & Related Provisions.**

a. **General Release of All Claims.** Mr. Chen, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Releasor"), knowingly and voluntarily releases and forever discharges the Company, 986 Restaurant Corp., the Company's owners, affiliates, subsidiaries, divisions, joint ventures, members, insurers, attorneys, successors and assigns and the current and former employees (including, but not limited to Joseph Tranchina, Robert Ruggiero, and Brian Kendrick), officers, directors, shareholders and agents thereof (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, whether known and unknown, Releasor has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- The Age Discrimination in Employment Act of 1967;
- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Immigration Reform and Control Act;
- The Sarbanes-Oxley Act of 2002;
- The Americans with Disabilities Act of 1990;
- The Equal Pay Act;
- The Genetic Information Non-Discrimination Act of 2008;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The New Jersey Law Against Discrimination;
- The New Jersey Civil Rights Act;
- The New Jersey Family Leave Act;
- The New Jersey State Wage and Hour Law;
- The New Jersey Conscientious Employee Protection Act;
- The New Jersey Equal Pay Law;
- The New Jersey Occupational Safety and Health Law;
- The New Jersey Genetic Privacy Act;
- The New Jersey Fair Credit Reporting Act;
- The New Jersey Statutory Provision Regarding Retaliation/Discrimination for Filing A Workers' Compensation Claim;

2

- New Jersey laws regarding Political Activities of Employees, Lie Detector Tests, Jury Duty, Employment Protection, and Discrimination;
- The New York Executive Law (including its Human Rights Law);
- The New York Labor Law;
- The New York Corrections Law;
- The New York Equal Pay Law;
- The New York Non-Discrimination for Legal Activities Law;
- The New York Whistleblower Law;
- The New York wage and hour and wage payment laws;
- The New York City Administrative Code (including its Human Rights Law);
- The New York City Civil Rights Law;
- The New York City Earned Sick Time Act;
- Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, employment, labor or other local, state or federal law, regulation or ordinance;
- Any amendments to the foregoing laws;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract, third-party beneficiary, tort or common law claim; or,
- Any claim for costs, fees, or other expenses including attorneys' fees.

b. **Claims Not Released**. Releasor is not waiving any rights he may have to: (i) his own vested accrued employee benefits under the Company's health, welfare, or retirement benefit plans; (ii) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (iii) pursue claims which by law cannot be waived by signing this Agreement; (iv) enforce this Agreement; and/or (v) challenge the validity of this Agreement.

c. **Governmental Agencies**. Nothing in this Agreement prohibits or prevents Releasor from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws. However, to the maximum extent permitted by law, Releasor agrees that if such an administrative claim is made to such an anti-discrimination agency, Releasor shall not be entitled to recover any individual monetary relief or other individual remedies. In addition, nothing in this Agreement, including but not limited to the release of claims nor the confidentiality and non-disparagement clauses, prohibits Releasor from: (1) reporting possible violations of federal law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs, including but not limited to any such programs managed by the U.S. Securities and Exchange Commission and/or the Occupational Safety and Health Administration. Moreover, nothing in this Agreement prohibits or prevents Releasor from receiving individual monetary awards or other individual relief by virtue of participating in such federal whistleblower programs.

3

      d.    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Releasor waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or any other Releasee identified in this Agreement is a party.

    4.    **Acknowledgments and Affirmations.**

      a.    Releasor affirms that following receipt of the consideration referenced herein, he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Releasor may be entitled. Releasor affirms he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws. Releasor affirms that all of the Company's decisions regarding his pay and benefits through the date of his execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

      b.    Releasor affirms he has no known workplace injuries or occupational diseases that have not already been disclosed to the Company in writing, for which he has filed a workers' compensation claim.

      c.    Releasor further affirms he has not been retaliated against for reporting any allegations of wrongdoing by the Company or its officers, including any allegations of corporate fraud.

      d.    Releasor affirms he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

    5.    **Non-Disparagement.** Releasor agrees not to defame or maliciously disparage Releasees in any manner whatsoever.

    6.    **Confidentiality and Remedies for Breach of Confidentiality.**

      a.    Releasor agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, including the amount of the Payment set forth in Paragraph 1, except to Releasor's spouse, domestic partner, tax advisor, and/or an attorney with whom Releasor chooses to consult regarding Releasor's consideration of this Agreement or to any federal, state or local government agency.

b.      Releasor understands and agrees that violation of this covenant of confidentiality, whether by Releasor or by an individual to whom limited disclosure is authorized pursuant to Paragraph 6(a), shall constitute a material breach of this Agreement, which will cause the Company to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). Further, it is agreed that should Releasor violate this covenant of confidentiality, he shall pay to the Company as liquidated damages, and not in the form of a penalty, an amount equal to 50% of Releasor's recovery under this Agreement, in addition to reasonable attorneys' fees and costs incurred by the Company, for each such breach.

7.      **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall modify, alter or change the provision(s) in question to the fullest extent possible to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Releasor agrees to execute a binding replacement release.

8.      **Amendment**. Except as provided in Paragraph 7 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9.      **Revocation**. Releasor may revoke this Agreement for a period of seven (7) calendar days following the day he executes this Agreement. Any revocation within this period must be submitted, in writing, to Craig Roberts, Esq., and state, "I hereby revoke my acceptance of our Agreement and General Release." The revocation must be personally delivered to Mr. Roberts or his designee, or mailed to Mr. Roberts at 58 South Service Road, Suite 250, Melville, NY 11747 and postmarked within seven (7) calendar days of execution of this Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

10.     **Resolution of Disputes**. Any controversy or claim arising out of this Agreement, or the breach thereof, shall be decided by a New York State or federal court, and all such claims shall be adjudicated by a judge sitting without a jury.

11.     **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

12.     **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between

5

the parties. Releasor acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

13. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

15. **Legal Fees**. Each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation and settlement of this Agreement.

16. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Chen was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Chen is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Releasees. Mr. Chen certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Releasees.

RELEASOR HAS BEEN ADVISED HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT IS ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT.

RELEASOR AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

6

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, RELEASOR FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

_____
**Jang Fang Chen**

2/2/18
_____
Date

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Queens   )

On the 2nd day of February in the year 2018, before me, the undersigned notary public, Jang Fang Chen personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Agreement and General Release and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Releasees.

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 2021

_____
Signature and Office of individual
taking acknowledgment

Arirang Hibachi Steakhouse, Inc.

_____
NAME

2/12/18
_____
Date

4821-2754-6970, v. 1

7